# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FIMMEN & ASSOCIATES, L.L.C.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 05-2312-CM** |
| ) | |
| **MING SHIN PLASTICS INDUSTRY** ) | |
| **CO. LTD.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

On November 30, 2005, plaintiff was ordered to show cause why this case should not be dismissed for failure to effect service within 120 days of the filing of the complaint. In its response, plaintiff represents that counsel had ongoing negotiations with defendant's attorneys in Taiwan for about a year, but defendant's counsel ended negotiations. Plaintiff represents that it has sent a waiver to defendant's counsel as they had agreed upon, but defendant's counsel has not yet waived service. Plaintiff represents that it is still trying to obtain service in Taiwan, and seeks additional time in which to obtain service. Plaintiff's complaint was filed July 21, 2005.

Rule 4(m), which requires service within 120 days after the filing of the complaint, does not apply to service in a foreign country. Fed. R. Civ. P. 4(m); *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005). The amount of time for foreign service, however, is not unlimited. *Nylok Corp.*, 396 F.3d at 807 (citations omitted). To the extent that a showing of good cause is still necessary, the court finds that plaintiff has shown good cause for failing to serve process within 120 days of filing its complaint, and

extends the period for serving process an additional 120 days after the original 120-day service period.

**IT IS SO ORDERED.**

Dated this 7th day of December 2005, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
